JORDAN ETH (BAR NO. 121617)
JEth@mofo.com
JUDSON E. LOBDELL (BAR NO. 146041)
JLobdell@mofo.com
MARK R.S. FOSTER (BAR NO. 223682)
MFoster@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415-268-7000
Facsimile: 415-268-7522

ANNA ERICKSON WHITE (BAR NO. 161385)
AWhite@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304
Telephone: 650-813-5600
Facsimile: 650-494-0792

Attorneys for Defendants and Nominal Defendant Yahoo! Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JILL WATKINS, Derivatively on Behalf of Yahoo! Inc.,

Plaintiff,

*v.*

TERRY S. SEMEL, SUSAN L. DECKER, ARTHUR H. KERN, JERRY YANG, ERIC HIPPEAU, EDWARD R. KOZEL, ROBERT A. KOTICK, ROY J. BOSTOCK, GARY L. WILSON, RONALD W. BURKLE, and VYOMESH JOSHI,

Defendants,

-and-

YAHOO! INC., a Delaware Corporation,

Nominal Defendant.

**DERIVATIVE ACTION**

Case No. CV-08-02359-CW

[Related to CV-08-02150-CW]

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**

Hearing: April 23, 2009
Time: 2:00 p.m.
Courtroom: 2, 4th Floor
Judge: Hon. Claudia Wilken

# TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

BACKGROUND ........ 2

I. SUITS REGARDING THE JULY 19, 2006 STOCK DROP ........ 2

II. SUITS REGARDING THE JANUARY 31, 2008 MICROSOFT PROPOSAL ........ 2

III. PLAINTIFF'S PROPOSED CLAIMS ARE UNRELATED TO HER EXISTING CLAIMS BUT VIRTUALLY IDENTICAL TO THOSE IN THE MICROSOFT ACTIONS. ........ 4

ARGUMENT ........ 5

I. PLAINTIFF HAS FAILED TO ESTABLISH SUFFICIENT GROUNDS TO WARRANT ADDING NEW, UNRELATED CLAIMS UNDER FED. R. CIV. P. 15(d) ........ 5

A. Rule 15(d) Does Not Permit Supplementation To Add New, Unrelated Claims ........ 6

B. Allowing Supplementation Would Prejudice Defendants. ........ 8

II. THE DELAWARE COURT'S DECEMBER 19, 2008 ORDER PROHIBITS PLAINTIFF FROM SUPPLEMENTING HER COMPLAINT WITH CLAIMS RELATING TO THE MICROSOFT PROPOSAL. ........ 9

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Align Technology, Inc. v. OrthoClear, Inc.*, No. C-05-2948 MMC, 2006 U.S. Dist. LEXIS 26764 (N.D. Cal. Apr. 26, 2006) .......... 6 n.11

*AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006) .......... 8

*Burns v. Exxon Corp.*, 158 F.3d 336 (5th Cir. 1998) .......... 5

*Ford v. Neese*, 119 F.3d 560 (7th Cir. 1997) .......... 6

*Jordan v. Graziani*, No. C 03-2414 RMW (PR), 2008 U.S. Dist. LEXIS 53560 (N.D. Cal. May 23, 2008) .......... 6 n.11

*Kaplan v. Rose*, 49 F.3d 1363 (9th Cir. 1994) .......... 8

*Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988) .......... 5, 7 n.13

*Matsushita Elec. Indus. Co. v. CMC Magnetics Corp.*, No. C 06-04538 WHA, 2007 U.S. Dist. LEXIS 7798 (N.D. Cal. Jan. 12, 2007) .......... 6 n.11

*Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996) .......... 9

*Nottingham Partners v. Trans-Lux Corp.*, 925 F.2d 29 (1st Cir. 1991) .......... 10

*Planned Parenthood v. Neely*, 130 F.3d 400 (9th Cir. 1997) .......... 5, 6, 7

*Solis v. Regis Corp.*, No. C 05-03039 CRB, 2007 U.S. Dist. LEXIS 40139 (N.D. Cal. May 15, 2007) .......... 8

*Trilithic, Inc. v. Wavetek U.S. Inc.*, 6 F. Supp. 2d 803 (S.D. Ind. 1998) .......... 6

**OTHER AUTHORITIES**

15 U.S.C.
§ 78n(a) [Section 14(a) of the Securities Exchange Act of 1934] ....................................... 1, 4

28 U.S.C.
§ 1404(a) ................................................................................................................. 2 n.2

17 C.F.R.
§ 240.14a-9 [SEC Rule 14a-9] ........................................................................................ 4

Fed. R. Civ. P.
Rule 15(a) ................................................................................................................ 5 & n.10
Rule 15(d) ................................................................................................................ 1, 5, 6, 7

Wright, Miller & Kane, 6A Federal Practice and Procedure: Civ. 2d
§ 1506 (1990 & Supp. 2008) ........................................................................................ 6 n.11

## INTRODUCTION

Plaintiff seeks to inject into this derivative lawsuit an entirely new class action litigation involving a different time period, different events, new legal theories, and no overlapping issues. Her proposed claims — for breach of fiduciary duty and violation of Section 14(a) of the Exchange Act — relate to Microsoft's well-publicized bid to acquire Yahoo! in January 2008. For the past year, claims identical in substance to those Plaintiff proposes here have been the subject of intense litigation in the Delaware Chancery Court and are currently in the process of being settled. Similar claims are also pending in Santa Clara Superior Court and in an action recently filed in the Northern District of California.

Plaintiff's proposed claims are virtually identical to claims brought by other Yahoo! shareholders, but bear no relation to her existing claims. Her existing claims concern alleged misstatements regarding Yahoo!'s advertising technology and financial results made between April 2004 and July 2006 — a full *year and a half* before Microsoft made its proposal to Yahoo!. The existing claims are derivative claims, purportedly brought on behalf of Yahoo!, unlike Plaintiff's proposed class claims, brought on behalf of a putative class of holders of Yahoo! common stock.

Allowing Plaintiff to add these new, unrelated claims to her complaint would not serve Rule 15(d)'s goal of promoting judicial economy. In fact, it would do just the opposite. It would insert an additional layer of complexity into this already complex action, and force Defendants to litigate claims that are being settled in the Delaware actions and that are pending in two other actions. To allow supplementation in this instance would result only in duplicative litigation, wasted judicial resources, and prejudice to Defendants.

Even if Plaintiff could demonstrate that her supplemental claims should be allowed under Rule 15(d), her proposed claims are barred by order of the Delaware Chancery Court pending final approval of the settlement of the Delaware actions. If and when the Delaware settlement is approved, Plaintiff's proposed claims will be permanently barred.

## BACKGROUND

### I. SUITS REGARDING THE JULY 19, 2006 STOCK DROP

On May 11, 2007, plaintiffs in the related securities class action, *Brodsky v. Yahoo!, et al.*, Case No. CV-08-2150-CW (the "Class Action"), commenced their lawsuit alleging that a July 19, 2006 drop in Yahoo!'s stock price resulted from the disclosure of facts that were previously concealed or misrepresented by Yahoo! and two of its officers. Specifically, the Class Action alleges that, between April 2004 and July 2006, the defendants caused Yahoo! to issue false and misleading statements about Yahoo!'s search-marketing business, its financial results, and the expected release of a new search-marketing platform called "Project Panama." (Ex. G at 2–3.)[1]

This tag-along derivative action soon followed the Class Action. On June 14, 2007, copying text wholesale from the Class Action complaint and adding boilerplate derivative allegations, Plaintiff filed her derivative complaint. (*See* Docket # 1 at 13, 20.)

On December 21, 2007, the plaintiffs in the Class Action filed a Consolidated Amended Complaint. Plaintiff quickly followed suit, filing her Amended Derivative Complaint on January 11, 2008, again copying text wholesale from the Class Action complaint. (Ex. A.)[2]

### II. SUITS REGARDING THE JANUARY 31, 2008 MICROSOFT PROPOSAL

On January 31, 2008 — eighteen months after the July 2006 stock drop that resulted in this action and the related Class Action — Microsoft made an unsolicited proposal to acquire Yahoo! for $31 per share (the "Microsoft Proposal"). (*See* Proposed Compl. ¶ 319.) On February 11, 2008, Yahoo! issued a press release stating that, after carefully reviewing Microsoft's proposal, Yahoo!'s Board of Directors (the "Board") had "unanimously concluded that the proposal is not in the best interests of Yahoo! and our stockholders." (Ex. B at 3.)

---

[1] Unless otherwise indicated, all references to "Ex. __" are to the exhibits attached to the Declaration of Samuel S. Song filed in support of this Opposition; all references to "Docket # __" are to documents on the Court's docket for this case; and all references to "Proposed Compl. __" are to Plaintiff's Second Amended and Supplemental Derivative and Class Action Complaint, lodged with this Court on January 12, 2009. (Docket # 18 Ex. A.)

[2] Both this action and the Class Action were originally filed in the District Court for the Central District of California and were later transferred to this Court pursuant to 28 U.S.C. § 1404(a). (*See* Docket # 1 at 1, 2.)

Between February 1 and February 27, 2008, ten separate actions were filed challenging the Board's responses to the Microsoft Proposal — five in the Delaware Court of Chancery (the "Delaware Actions") and five in the California Superior Court, County of Santa Clara. (Ex. O at 103.)[3] The Delaware Actions generally allege that the Board and Yahoo! co-founder David Filo breached their fiduciary duties by failing to give adequate consideration to the Microsoft Proposal and by taking defensive measures designed to thwart the acquisition, and caused Yahoo! to issue false and misleading statements in its June 9, 2008 proxy statement. (*See* Ex. E ¶¶ 124–45; Ex. F ¶¶ 178–204.)[4] The Delaware plaintiffs seek unspecified compensatory damages, declaratory and injunctive relief, as well as attorneys' fees and costs. (Ex. E at 46–47.)

Over the past year, the Delaware Actions have been litigated aggressively: more than 200,000 pages of documents have been produced by the defendants and third parties; several depositions have been taken; and the Delaware court has heard and ruled on numerous pre-trial motions. (Ex. K at 3–5; *see also* Ex. Q.)

On December 10, 2008, all litigation activity in the Delaware Actions came to a halt when the parties reached an agreement to settle the suits. (*See* Ex. J at 1.) The Delaware court, on December 19, 2008, issued an order scheduling a hearing on approval of the settlement and preliminarily certifying the class. (Ex. L.) The court's order also provides: "Pending final determination by the Court of whether the Settlement should be approved, Plaintiffs, Yahoo!, all Class Members, and all current Yahoo! stockholders are barred and enjoined from instituting, commencing or prosecuting any Settled Claims as against the Released Parties." (*Id.* ¶ 11.) "Settled Claims" include all claims that have been asserted by the plaintiffs in the Delaware Actions and all claims

> that could have been asserted in any forum by Plaintiffs or any Class Member, on behalf of themselves, the Class or Yahoo!, against any of the Released Parties which arise out of, relate to, or are based upon alleged breaches of fiduciary duty

[3] The Santa Clara actions were consolidated and subsequently stayed pending resolution of the Delaware Actions. (Ex. D.) Recently, another derivative action relating to the Board's responses to the Microsoft Proposal was filed in the Northern District of California. (Ex. O at 103.)

[4] The Delaware plaintiffs later dropped the proxy claim "because the claim was mooted by Yahoo's filing of proxy materials on July 28, 2008." (Ex. H ¶ 7.)

> to Yahoo! and its shareholders or other alleged violations of law, including the federal securities laws or other federal, state or local law, arising from or in connection with Defendants' responses to Microsoft's proposal to acquire the Company, the Google Agreement or the proxy contest initiated by Carl Icahn, prior to the last day of the Class Period [December 7, 2008] . . . .

(Ex. K at 10–11.) The "Released Parties" include Mr. Filo and current and former members of Yahoo!'s Board (*id.* at 9, 10), all of whom are named or proposed Defendants in this action.[5] The settlement approval hearing is scheduled for March 6, 2009. (Ex. M at 1.)

## III. PLAINTIFF'S PROPOSED CLAIMS ARE UNRELATED TO HER EXISTING CLAIMS BUT VIRTUALLY IDENTICAL TO THOSE IN THE MICROSOFT ACTIONS.

On January 12, 2009 — almost one year after the Delaware Actions were filed and a month after the agreement to settle those actions — Plaintiff filed this motion seeking to supplement her complaint with class action claims relating to the Microsoft Proposal.[6]

As with her existing claims, Plaintiff's new claims piggyback on work done by others. Her proposed class claims and allegations are identical in substance to those asserted in the Delaware Actions[7] and in similar actions pending in Santa Clara County[8] and the Northern District of California.[9] Plaintiff's Proposed Complaint alleges that the Board and Mr. Filo breached their fiduciary duties by failing to give adequate consideration to the Microsoft Proposal and by engaging in defensive measures, and issued false and misleading statements in Yahoo!'s June 9, 2008 proxy statement in violation of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 14a-9. (*See* Proposed Compl. ¶¶ 457–68.) Plaintiff also

---

[5] Current and former Board members named in Plaintiff's operative complaint include: Roy J. Bostock, Ronald W. Burkle, Eric Hippeau, Vyomesh Joshi, Arthur H. Kern, Robert A. Kotick, Edward R. Kozel, Gary L. Wilson, and Jerry Yang. (Ex. A ¶¶ 25–33; *see also* Proposed Compl. ¶¶ 37–38, 40–46.) Plaintiff seeks to add Mr. Filo and Maggie Wilderotter as Defendants in this action. (*See* Proposed Compl. ¶¶ 39, 47.)

[6] Plaintiff originally sought leave to supplement on March 20, 2008, before this action was transferred from the Central District of California to this Court. (Docket # 1 at 15.)

[7] (*Compare, e.g.*, Proposed Compl. ¶¶ 321, 327, 330–31, 463–68 *with* Ex. E ¶¶ 45, 63, 78–79, 124–45; Proposed Compl. ¶¶ 348, 349, 457–68 *with* Ex. F ¶¶ 154–60, 161, 178–204; Proposed Compl. ¶¶ 346–47, 349, 463–68 *with* Ex. I ¶¶ 148–49, 153, 180–98.)

[8] (*Compare, e.g.*, Proposed Compl. ¶¶ 323–29, 332–34, 463–68 *with* Ex. C ¶¶ 66–69, 74, 84–95.)

[9] (*Compare, e.g.*, Proposed Compl. ¶¶ 323–29, 348, 457–62 *with* Ex. N ¶¶ 36–45, 61–67, 136–41.)

seeks the same declaratory and injunctive relief sought in the Delaware and Santa Clara actions. (*Compare id*. at 216–17 *with* Ex. E at 46–47 *and* Ex. C at 29.)

While Plaintiff's proposed claims are virtually identical to claims brought by other Yahoo! shareholders, they bear no relation to her existing claims. Plaintiff merely drops allegations about the Microsoft Proposal into her complaint. (*See id.* ¶¶ 4, 19–28, 316–62, 457–68.) Her existing allegations remain unchanged by, uninfluenced by, and unrelated to her proposed Microsoft allegations.[10]

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO ESTABLISH SUFFICIENT GROUNDS TO WARRANT ADDING NEW, UNRELATED CLAIMS UNDER FED. R. CIV. P. 15(d).

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Unlike *Rule 15(a)*, the text of *Rule 15(d)* does not provide that leave should be given freely. *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). Rather, under Rule 15(d), the Court has broad discretion to allow or reject the supplemental pleading, and should deny leave to supplement where the new claims are separate and distinct from the existing claims and/or allowing the new claims would prejudice the opposing party. *See Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997); *Keith v. Volpe*, 858 F.2d 467, 473, 475–76 (9th Cir. 1988). Here, both factors are present and weigh against allowing supplementation.

---

[10] Plaintiff also seeks to amend her complaint under Fed. R. Civ. P. 15(a) in response to this Court's October 7, 2008 order dismissing the complaint in the related Class Action with leave to amend. (*See* Plaintiff's Mem. for Leave to File Second Am. and Supplemental Shareholder Derivative Class Action Compl. ("Plaintiff's Mem.") at 3; *see also* Ex. G.) Not surprisingly, the vast majority of Plaintiff's proposed amendments are copied directly from the amended complaint filed in the Class Action on December 19, 2008. (*See* Proposed Compl. ¶¶ 66–95, 96–175, 223–304, 315.) Plaintiff also seeks to substitute a new plaintiff (Plaintiff's Mem. at 3); to add Farzad Nazem and Daniel Rosensweig as defendants (Proposed Compl. ¶¶ 35, 36); and to add a new claim for violation of Section 20A of the Exchange Act relating to the subject matter of her existing allegations. (*Id.* ¶¶ 421–26.) Defendants take no position as to whether these proposed amendments should be allowed under Rule 15(a), but reserve their right to address these allegations in any motion(s) to dismiss that may be filed in this action.

**A. Rule 15(d) Does Not Permit Supplementation To Add New, Unrelated Claims.**

Under Rule 15(d), "[w]hile leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a separate, distinct, and new cause of action," which is exactly what Plaintiff is trying to do. *Planned Parenthood*, 130 F.3d at 402 (noting that "leave to file a supplemental pleading will be denied where 'the supplemental pleading could be the subject of a separate action'") (citations omitted). In those situations, with the goal of promoting the speedy and economical disposition of a controversy, courts have exercised their discretion under Rule 15(d) and declined to allow supplementation. *See id.* at 402–03.[11]

Here, Plaintiff's proposed class claims relating to the Microsoft Proposal bear no relation to her existing derivative claims. They involve different events, different legal theories, a different time period,[12] and no overlapping issues. The only similarity Plaintiff suggests is that the respective claims of wrongdoing involve some of the same Defendants. (*See* Plaintiff's Mem. at 2, 4.) The fact that Plaintiff has a suit pending against Defendants, however, does not entitle her "'to keep adding claims against [them], year after year.'" *Trilithic, Inc. v. Wavetek U.S. Inc.*, 6 F. Supp. 2d 803, 809 (S.D. Ind. 1998) (quoting *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997)). If that were

[11] *Accord Jordan v. Graziani*, No. C 03-2414 RMW (PR), 2008 U.S. Dist. LEXIS 53560, at *8–10 (N.D. Cal. May 23, 2008) (denying leave to supplement where new claims were not related to existing claims and "should be brought in a separate and distinct complaint"); *Matsushita Elec. Indus. Co. v. CMC Magnetics Corp.*, No. C 06-04538 WHA, 2007 U.S. Dist. LEXIS 7798, at *7–11 (N.D. Cal. Jan. 12, 2007) (denying leave to supplement because "[a]dding the counterclaim would not promote a quick or economical resolution to [the] case"); *Align Technology, Inc. v. OrthoClear, Inc.*, No. C-05-2948 MMC, 2006 U.S. Dist. LEXIS 26764, at *3–4 (N.D. Cal. Apr. 26, 2006) (denying leave to supplement where proposed claims did "not present any issue pertaining to" existing claims); *see also* Wright, Miller & Kane, 6A Fed. Prac. & Proc.: Civ. 2d § 1506 (1990 & Supp. 2008) ("[W]hen the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified.").

[12] Contrary to Plaintiff's claim that Microsoft made "overtures" to acquire Yahoo! "at the same time Yahoo! was making false and misleading statements to stoke investor confidence" (Plaintiff's Mem. at 4), there is no overlap in the period relevant to Plaintiff's existing claims — April 2004 to July 2006 — and her proposed claims — August 2006 to the present. (*Compare* Proposed Compl. ¶¶ 97–176 *with* ¶¶ 316–62.) In any event, Microsoft's alleged "overtures" in *mid-2006* have little, if any, relevance to Defendants' alleged responses to the Microsoft Proposal after *January 2008*.

enough, then every time Defendants were sued for an alleged breach of fiduciary duty — whether related to executive compensation, a contract with a third party, or a proposed merger — the claims would presumably be related.[13]

Moreover, Plaintiff has not demonstrated that allowing her new claim would in any way promote judicial economy. Nor can she. Because there is no overlap between the existing and proposed new claims, there would be no efficiencies in having one court learn the various legal and factual issues of the case, or manage the discovery pertinent to the nearly five-year-long "Relevant Period" Plaintiff proposes. (Proposed Compl. ¶ 5.) For example, discovery relating to Plaintiff's existing claims would most likely focus on whether statements made by Yahoo! and certain members of its management regarding Yahoo!'s advertising technology, accounting practices, and development of Project Panama between April 2004 and July 2006 were false. Discovery relating to Plaintiff's proposed claims, in contrast, would focus on the Board's responses to the January 2008 Microsoft Proposal, as it has in the Delaware Actions.

Instead of promoting judicial economy, allowing supplementation would result in duplicative litigation and waste judicial resources because claims virtually identical to those proposed by Plaintiff have already been litigated and are being settled in the Delaware Chancery Court and are also pending in two other actions. In other words, not only *should* Plaintiff's supplemental claims be the subject of a separate suit, they already *are* the subject of three separate suits. *See Planned Parenthood*, 130 F.3d at 402. Allowing Plaintiff to supplement her complaint would bring a fourth court into the mix and would further complicate the adjudication of Plaintiff's existing claims, contravening Rule 15(d)'s goal of judicial efficiency. *See id.*

---

13 Although there is no "transactional" test embodied in Rule 15(d) (Plaintiff's Mem. at 4), the Ninth Circuit has stated that "some relationship must exist between the newly alleged matters and the subject of the original action." *Keith*, 858 F.2d at 474. In *Keith*, the court addressed a supplemental pleading alleging conduct inconsistent with a consent decree over which the district court had retained jurisdiction. *Id*. In finding supplementation proper, the court noted that "[t]he concern in the original action, the consent decree, and the supplemental complaint is the same — the availability of replacement housing for persons displaced by the Century Freeway." *Id*. Here, in contrast, the concern in Plaintiff's existing action is *not* the same as in her supplemental complaint: one involves alleged misrepresentations about Yahoo!'s search-marketing business; the other involves Defendants' responses to a proposal to acquire Yahoo! years later.

**B. Allowing Supplementation Would Prejudice Defendants.**

Plaintiff's request to supplement should be denied for a second and independent reason: allowing supplementation would result in substantial prejudice to Defendants. As discussed above, for the past year, the Director Defendants named in this action have been vigorously defending against the claims asserted in the Delaware Actions and have incurred substantial costs in doing so. They have carefully negotiated and reached an agreement to settle the Delaware Actions and all claims arising from the subject matter of those actions.

While that activity was taking place in Delaware, Plaintiff did nothing. She waited more than a month after the parties agreed to settle the Delaware Actions to file the present motion. Her only explanation for her delay is that her original motion "apparently got lost in the transfer." (Plaintiff's Mem. at 2.) It was Plaintiff's responsibility to re-notice this motion,[14] and her delay in doing so would significantly prejudice Defendants if supplementation were allowed. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (affirming denial of leave to amend where plaintiff's undue delay in seeking amendment would have prejudiced opposing party).

The Delaware settlement's proposed release of *all* claims relating to the Microsoft Proposal was "separately bargained for and was a key element of the Settlement and was relied upon by Plaintiffs and Defendants and their counsel in entering into" the settlement agreement. (Ex. K at 13.) Allowing Plaintiff to supplement her complaint would contravene this essential component of the settlement agreement and potentially disrupt the settlement of the Delaware Actions.

Not only would allowing supplementation undermine this key term of the Delaware settlement, it would also result in additional and unnecessary "[e]xpense, delay, and wear and tear" on Defendants by forcing them to re-litigate issues already litigated in the Delaware Actions and by complicating and prolonging the adjudication of Plaintiff's existing claims. *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *see also Solis v. Regis Corp.*, No. C 05-03039 CRB, 2007 U.S.

---

[14] *See* this Court's Related Case Order, June 11, 2008 (Docket # 6) (requiring that any motions "must be re-noticed by the moving party").

Dist. LEXIS 40139, at *6 (N.D. Cal. May 15, 2007) (finding that adding proposed claims "would prejudice defendants by greatly expanding the class period beyond what was previously alleged in plaintiff's various complaints") (cited in Plaintiff's Mem. at 3).

Plaintiff, on the other hand, would not be prejudiced if this Court did not allow supplementation. In addition to the Delaware Actions, two other actions pending in Santa Clara Superior Court and the Northern District of California assert claims substantially identical to those proposed by Plaintiff. (*See* Ex. C ¶¶ 84–95; Ex. N ¶¶ 136–41.) Plaintiff's interests as a class member, and Yahoo!'s interests, are sufficiently represented in the earlier-filed Delaware, Santa Clara, and Northern District of California actions.[15]

## II. THE DELAWARE COURT'S DECEMBER 19, 2008 ORDER PROHIBITS PLAINTIFF FROM SUPPLEMENTING HER COMPLAINT WITH CLAIMS RELATING TO THE MICROSOFT PROPOSAL.

Even if Plaintiff had established sufficient grounds to warrant supplementation under Rule 15(d), Plaintiff's supplemental claims are barred by the Delaware court's December 19, 2008 order. As discussed above, that order prohibits all current Yahoo! stockholders and members of the Delaware class from "instituting, commencing or prosecuting" any claims relating to the Board's responses to the Microsoft Proposal against Mr. Filo and the Director Defendants named and proposed in this action. (*See supra* pp. 3–4.) Plaintiff and the proposed plaintiff are both current Yahoo! stockholders and members of the Delaware class (*see* Ex. A ¶ 21; Proposed Compl. ¶ 31), and are trying to do exactly what is prohibited by the Delaware court's order. The supplemental claims are therefore barred, at least until the Delaware court reaches a final decision on approval of the Delaware settlement.

If and when the Delaware court approves the settlement, Plaintiff's proposed claims will be permanently barred. (*See* Ex. K at 10–11, 18); *see also Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 369–72, 377–78 (1996) (Delaware state-court judgment releasing all state and federal

---

[15] Finally, because Plaintiff's request to add claims relating to the Microsoft Proposal should be denied, the Court should also deny Plaintiff's request to add Ms. Wilderotter and Mr. Filo as Defendants. Ms. Wilderotter and Mr. Filo are not alleged to have had any involvement in the subject matter of Plaintiff's existing claims. (*See* Proposed Compl. ¶¶ 39, 47.)

claims arising from a tender offer to purchase company barred all future claims arising from the tender offer); *Nottingham Partners v. Trans-Lux Corp.*, 925 F.2d 29, 30–31, 34 (1st Cir. 1991) (Delaware state-court judgment releasing claim alleging violation of state disclosure laws with respect to proxy statement barred federal claim under Section 14(a) relating to same proxy statement). Neither Plaintiff nor the proposed plaintiff has indicated that she or he objected to the settlement of the Delaware Actions prior to the deadline for serving and filing objections set by the Delaware court's December 19, 2008 order. (*See* Ex. L at ¶ 8; Ex. P at 1.)

**CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request for leave to supplement her complaint and to add Maggie Wilderotter and David Filo as Defendants in this action.

Dated: March 5, 2009

MORRISON & FOERSTER LLP

By: /s/ Anna Erickson White [e-filing signature]
Attorneys for Defendants and Nominal Defendant Yahoo! Inc.

**ECF ATTESTATION**

I, Samuel S. Song, am the ECF User whose ID and Password are being used to file:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT.**

In compliance with General Order 45, X.B., I hereby attest that Anna Erickson White has concurred in this filing.

Dated: March 5, 2009

MORRISON & FOERSTER LLP

By: /s/ Samuel S. Song [e-filing signature]