IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL WATKINS, Derivatively on Behalf of Yahoo! Inc.,<br><br>          Plaintiff,<br><br>     v.<br><br>TERRY S. SEMEL, et al.,<br><br>          Defendants. | No. C 08-02359 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

     Plaintiff moves to amend her complaint to include allegations relating to the Microsoft offer.  Defendants oppose this motion and argue that these new claims are barred by a Delaware Chancery Court's settlement order.  In that order, all Yahoo! shareholders are enjoined from "instituting, commencing or prosecuting" all claims "which arise out of, relate to, or are based upon alleged breaches of fiduciary duty" or other violations of law "arising from or in connection with Defendants' responses to Microsoft's proposal to acquire [Yahoo!], the Google Agreement or the proxy contest initiated by Carl Icahn . . . ."  The order also provides that it does not "constitute a presumption, concession or an admission by any Party of any fault" and that it "shall not be interpreted, construed, deemed, involved, offered or received in

evidence or otherwise used by any person in . . . any other action . . . ."

Plaintiff does not seek to amend her complaint to add causes of actions or affirmative defenses that relate to the Microsoft offer or the settlement order.  Rather, Plaintiff merely seeks to refer to the failed buyout as part of her demand-futility allegations.  The settlement order does not bar Plaintiff from mentioning the facts that pertain to the buyout.

Defendants also argue that the new allegations should be excluded from the complaint because they bear no relation to her underlying search-marketing business and accounting claims.  The Court notes that Defendants will have the opportunity in their motion to dismiss to challenge whether these allegations bolster Plaintiff's claims.

The Court need not determine whether Federal Rule of Civil Procedure 15(a) or 15(d) controls Plaintiff's present motion.  Both standards are supported by a liberal policy favoring amendment. See Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973); Keith v. Volpe, 858 F.2d 467, 473-74 (9th Cir. 1988).  Accordingly, the Court grants Plaintiff's motion to file her amended complaint. Plaintiff shall file it forthwith.

IT IS SO ORDERED.

Dated: 6/18/09

_____
CLAUDIA WILKEN
United States District Judge